No. 80-385

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

WILLIAM F. WILLIAMS,

Defendant and Respondent.

---

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Jefferson
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Mike Greely, Attorney General, Helena, Montana
Cecil Woodgate, Deputy County Attorney, Boulder, Montana

For Respondent:

Small, Hatch & Doubek, Helena, Montana

---

Submitted on briefs: June 12, 1981

Decided: August 6, 1981

Filed: **AUG 6 - 1981**

Thomas J. Kearney
_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

The State of Montana (State) appeals from an order of the District Court of the Fifth Judicial District, Jefferson County, granting defendant's motion for a new trial.

Linda Tittleton and Debra Cunningham reported that their house in Basin, Montana, had been broken into during the late evening of November 9, 1979. Items reported missing included a stereo tape player, stereo tapes, a small black and white television, $85 in cash and $18 worth of food stamps. The defendant was subsequently charged with burglary and felony theft in connection with this incident.

Defendant was brought to trial on the charges in August 1980. Prior to trial, the District Court granted defendant's motion in limine excluding evidence of: (1) defendant's prior criminal record; (2) defendant's use of or familiarity with marijuana; and (3) defendant's marital problems.

Trial was held on August 27, 28, 1980. The prosecution's main witness was a Jerry Wilk, a friend of both of the victims and the defendant. Wilk had been charged with other thefts in Jefferson County and as a part of a plea negotiation on such charges, agreed to assist the prosecution by testifying against the defendant. Wilk testified that he was at the defendant's house after the alleged burglary and saw some of the stolen goods. He also testified that the defendant told him how the break-in of the Tittleton/Cunningham residence had occurred.

Tittleton and Cunningham testified that they had been friends of the defendant and that he had visited their house several times. The two women also testified that they had been with the defendant at a bar in Boulder, Montana, on the

night of the break-in, but that the defendant had left early.

Additional testimony was given by police officers and also by a Suzanne Campbell. Ms. Campbell testified that the defendant sold her a tape player and tapes which turned out to be items taken from the Tittleton/Cunningham residence.

Following trial, the jury returned a verdict finding the defendant guilty of burglary and felony theft. Sentencing was set for September 3, 1980. About ten minutes before the sentencing hearing, the defendant gave the State a copy of a motion for new trial, supported by a brief.

The motion for a new trial stated four grounds. The first was numerous violations by the State of the motion in limine. Secondly, defendant alleged that Debra Cunningham had perjured herself when she falsely said she had never been arrested for shoplifting. Third, defendant argued that the prosecuting attorney had violated his attorney-client relationship when he attempted to impeach the testimony of the defendant's wife. The fourth and final basis for a new trial was that the State had violated the defendant's fifth amendment right to remain silent when the prosecuting attorney pointed a finger at him during trial and indirectly challenged him to deny the charges against him.

Minutes after the State had received a copy of the defendant's motion on September 3, 1980, the motion was argued before the court. The State objected that it had not received reasonable notice in advance of the motion, and it asked for a chance to brief its side. The District Court denied the State's request for time to brief the motion.

Several hours after argument on defendant's motion, the District Court granted the defendant a new trial. No reasons were given specifying the basis for the District Court's

decision. The District Court file contains a minute entry which reads:

> "On motion of the defendant filed herein, and by express agreement, heard this 3rd day of September, 1980 argued by counsel for the State and the defendant and good cause being shown it is ordered that the Motion of the defendant to set aside the verdict and grant a new trial is hereby granted."

The State's single issue on appeal is that the District Court erred in granting a new trial when the county attorney had not been given advance notice of the motion and an opportunity to brief the question.

Defendant contends on appeal that the District Court erred in failing to set aside the jury verdict as being based on insufficient evidence.

Section 46-16-702, MCA, establishes the procedural guidelines for granting a defendant a new trial. This provision states:

> "(1) Following a verdict or finding of guilty, the court may grant the defendant a new trial if required in the interest of justice.
>
> "(2) The motion for a new trial must be in writing and must specify the grounds therefor. It must be filed by the defendant within 30 days following a verdict or finding of guilty. Reasonable notice of the motion must be served on the state.
>
> "(3) On hearing the motion for a new trial, if justified by law and the weight of the evidence, the court may:
>
> "(a) deny the motion;
>
> "(b) grant a new trial; or
>
> "(c) modify or change the verdict or finding by finding the defendant guilty of a lesser included offense or finding the defendant not guilty."
> (Emphasis added.)

-4-

Here the State had no effective notice of defendant's motion and no opportunity for reply. The District Court granted the motion on the same day that the State was served. Such action clearly denied the State "reasonable notice" as required by section 46-16-702, MCA.

Additionally, this Court is concerned with the manner in which the District Court granted the defendant's motion. In neither the District Court's order granting the motion, nor in the minute entry of the court file, are grounds for granting the motion specified. As previously noted, the governing statute regarding motions for new trial, section 46-16-702, MCA, requires only that the moving party specifically state its grounds for such motion. This statute does not require that the District Court expressly state its reasons for taking whatever action it deems appropriate regarding such motions.

However, in civil proceedings, the trial court must, when granting a motion for a new trial, ". . . specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale under-lying the ruling . . ." Rule 59(f), M.R.Civ.P. The purposes behind this rule are to narrow the issues on appeal and to obviate the need to read an entire record to determine the District Court's rationale for issuing its decision. Such considerations are equally necessary regarding appeals from criminal cases. Therefore, this Court holds that the mandates of Rule 59(f), M.R.Civ.P., are applicable to motions for new trial made pursuant to section 46-16-702, MCA. Hereafter,

the District Court must set forth its reasons in deciding such motions.

The defendant here contends that the District Court should have granted a judgment of acquittal notwithstanding the jury verdict because of insufficient evidence. This matter will have to be presented to the District Court after giving reasonable notice to the State.

The order of the District Court is reversed and this case is remanded for further proceedings in accordance with this decision.

_____
Justice

We concur:

_____

_____

_____

_____
Justices